IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EARL W. FLIGGER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 17-1187 |
| | ) |
| NANCY A. BERRYHILL, COMMISSIONER | ) |
| SOCIAL SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 20th day of September, 2018, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for Disability Insurance Benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d

Cir. 1981)). See also Monsour Medical Center v. Heckler, 806 F.2d 1185, 1190-91 (3d Cir. 1986).[1]

---

[1] Plaintiff argues that the Administrative Law Judge ("ALJ") erred in assessing his residual functional capacity ("RFC") and, ultimately, in finding him to be not disabled under the Social Security Act. The Court finds no merit in Plaintiff's position and instead finds that substantial evidence supports the ALJ's formulation of Plaintiff's RFC, and her decision that Plaintiff is not disabled.

Plaintiff appears to raise two primary issues. First, he takes issue with the ALJ's finding that his subjective statements were not entirely consistent with the medical evidence and other evidence in the record. He argues that limitations to which he testified, such as the need to elevate his right foot a substantial portion of the day and his inability to work full time, were supported by the record and should have been included in the RFC. The Court finds no error on this point.

The ALJ considered the proper factors in determining the intensity, persistence, and limiting effect of Plaintiff's symptoms, including objective medical evidence, Plaintiff's statements, and other relevant information and evidence, factors similar to those used to determine a claimant's credibility prior to the issuance of Social Security Ruling ("SSR") 16-3p. See 2016 WL 1119029 (S.S.A.) (Mar. 16, 2016). Her conclusion that Plaintiff's subjective claims were not entirely consistent with the medical evidence and other evidence in the record is in accord with this standard and supported by substantial evidence. For instance, the ALJ properly considered the objective medical evidence, including unremarkable clinical findings by Thomas Tomci, M.D., which generally recorded no joint swelling, normal gait and muscle strength, and no joint instability, and by Brinda Navalgund, M.D., of DNA Advanced Pain Treatment Center, which, while including findings of an antalgic gait and limited range of motion of the right ankle, recorded relatively normal findings otherwise, including a smooth walking rhythm, no foot swelling or instability, normal muscle strength, and moderate reported pain levels. The ALJ considered the relatively conservative treatment Plaintiff had received for his condition, and the fact that his treatment included significant gaps. She also discussed that Plaintiff had been engaging in part-time work that involved substantial walking and standing, as well as his activities of daily living, including the fact that he continues to hunt (albeit with some assistance). (R. 23-35).

All of these were proper factors for the ALJ to have considered in determining whether Plaintiff's subjective statements were consistent with the medical and other record evidence. See SSR 16-3p at **4-7; Garrett v. Comm'r of Soc. Sec., 274 Fed. Appx. 159, 164 (3d Cir. 2008); 20 C.F.R. § 404.1529(c)(2) and (3)(i), (iv), and (v). The ALJ also noted inconsistent evidence involving Plaintiff's use of an assistive device in walking and the fact that Plaintiff's testimony that he needed to elevate his leg 75-80 percent of the day was

2

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 9) is DENIED, and Defendant's Motion for Summary Judgment (document No. 11) is GRANTED.

s/Alan N. Bloch<br>United States District Judge

ecf: Counsel of record

---

contradicted by Dr. Navalgund's opinion that he needed to do so only "periodically," and by the lack of objective evidence of joint swelling discussed above. (R. 24-25, 50, 431).

Plaintiff, of course, has offered alternative explanations as to why these factors are not inconsistent with his subjective testimony, but the ALJ obviously found otherwise. As noted, none of these factors were cited as uniquely precluding Plaintiff from being disabled; rather, they were part of the ALJ's overall determination as to whether Plaintiff's statements concerning the intensity, persistence, and limiting effect of his symptoms were consistent with the record evidence, as they should have been. As a general matter, an ALJ's determination as to the veracity of a claimant's testimony is afforded significant deference. See Reefer v. Barnhart, 326 F.3d 376, 380 (3d Cir. 2003). Here, there was clearly sufficient evidence to support the ALJ's findings regarding the consistency of Plaintiff's subjective complaints with the record and in determining the intensity, persistence, and limiting effect of Plaintiff's symptoms.

Plaintiff's second argument is that the ALJ misrepresented a Functional Capacity Evaluation performed by Keystone Rehabilitative Services in affording this report no significant weight. He alleges that the ALJ appeared to misunderstand what a reported reliable pain range of 100 percent meant in the Evaluation and that she incorrectly noted inconsistencies in the report where none existed. As the ALJ noted in her decision, the Evaluation was not completed by an acceptable medical source. (R. 26). Nonetheless, an ALJ cannot reject evidence for "no reason or the wrong reason." Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999) (citing Mason v. Shalala, 994 F.2d 1058, 1066 (3d Cir. 1993)). Here, though, the Court disagrees that the ALJ's assessment of the Evaluation was based on a misrepresentation or misunderstanding of the report. The ALJ did discuss ways in which the findings in the Evaluation were inconsistent with other record evidence, and even that it contained inconsistent observations internally (*e.g.*, inconsistent findings regarding Plaintiff's gait and his inconsistent use of an assistive device). (R. 26). However, contrary to Plaintiff's argument, substantial record evidence supports these observations, and her decision to give the Evaluation no significant weight.

Accordingly, the Court finds that substantial evidence supports the ALJ's formulation of Plaintiff's RFC and her decision that Plaintiff is not disabled. The Court therefore affirms.